JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

ERIKA R. FRICK (CASBN 208150)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6973
   Facsimile: (415) 436-7234
   Email: erika.frick@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GRANT LEWIS ROGERS, ) <br> ) <br>    Defendant. ) <br> ) | No. CR 07-0413 JCS <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Sentencing Date: August 1, 2008 |

### INTRODUCTION

Having entered a guilty plea, Defendant Grant Lewis Rogers stands convicted of one count of Delay or Destruction of Mail or Newspapers, in violation of 18 U.S.C. § 1703(b), a Class A misdemeanor. The government hereby files this brief Sentencing Memorandum respectfully requesting that the Court adopt the agreement of the parties and the recommendation of the Probation Officer for a sentence of two years' Probation.

### ARGUMENT

As the Court is well aware, the Sentencing Guidelines are no longer binding in the wake

CR 07-0413 JCS
SENTENCING MEMO                    -1-

of the Supreme Court's decision in *Booker*. Rather, this Court is to consider the Guidelines along with the other factors set forth in 18 U.S.C. § 3553(a) to fashion a sentence that is sufficient, but no harsher than necessary, to comply with the purposes of sentencing. As set forth in *United States v. Mix*, 457 F.3d 906, 911 (9th Cir. 2006), the District Court must correctly analyze the Guidelines and then take into account the factors set forth in § 3553. Under *United States v. Gall*, 128 S.Ct. 586 (2007), this Court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by" the parties. *Id.* at 596-97. "In so doing, [the Court] may not presume that the Guidelines range is reasonable," but rather "must make an individualized assessment based on the facts presented." *Id.* Analysis of the Guidelines and the § 3553 factors here demonstrates that the sentence jointly recommended by the Probation Officer and the parties is a reasonable and appropriate one in this case and for this defendant.

     A.     <u>Guidelines Range</u>

In the plea agreement that the parties entered into on March 17, 2008, the parties agreed that the adjusted offense level was 6 and did not agree on a Criminal History Category. The plea agreement included a joint sentencing recommendation of two years' Probation. Subsequent to the government and the defendant entering into the final plea agreement, the Probation Officer ("PO") prepared her final Presentence Report ("PSR"). In that report, the PO calculated a total offense level of 10 and a Criminal History Category of I, resulting in a Guideline range of six to twelve months. It appears that the PO is correct in her interpretation of the Guidelines, and that U.S. Sentencing Guideline § 2B1.1 is the appropriate guideline, as opposed to U.S.S.G. § 2H3.3, which was relied on in the plea agreement. PSR ¶ 4.

     B.     <u>Recommended Sentence</u>

However, because the government agreed to an adjusted offense level of 6 in the plea agreement, the government will stand by that agreement now. The government also stands by its sentencing recommendation of two years' Probation, pursuant to the *Booker* analysis. The defendant's crime is certainly a serious one, since it involves the public's trust in their use of the U.S. Mail. However, the government notes that there are a number of mitigating circumstances in this case, including that

1       (1) the defendant has virtually no criminal history,

2       (2) the defendant has a solid employment history,

3       (3) the defendant had an accident which led to an addiction to pain medications (which was a factor in this offense), and

5       (4) the defendant has voluntarily sought treatment for his drug addiction.

The PO also concurs in the parties' joint recommendation of a sentence of two years' Probation.

C.   *Booker* Analysis

1.   Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.

As set forth in § 3553(a)(1), this Court should consider the nature and circumstances of the offense and the history and characteristics of the Defendant. As noted above, the offense of which the defendant stands convicted is a serious one because the public needs to be able to trust in the safe and efficient operation of the U.S. Mail.

However, the government believes that the mitigating characteristics of Mr. Rogers' life should also be taken into account by this Court. Although Mr. Rogers certainly needs to take responsibility for himself and keep his life on a straight path, is it also important to consider his prior clean record and solid employment history, his relatively young age, the motocross accident and resulting addiction to pain medications, and the fact that he voluntarily sought drug treatment to address that addiction. Those factors are all explained in more detail in the defendant's sentencing memorandum and in the PSR.

2.   The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment.

As set forth in 18 U.S.C. § 3553(a)(2)(A), the Court must also consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. The offense at issue is serious because of the public's need to trust their mail service, and if it were not for the mitigating circumstances discussed above, a probationary sentence would probably not be appropriate.

CR 07-0413 JCS
SENTENCING MEMO                    -3-

**1**              3.      The Need To Afford Adequate Deterrence to Criminal Conduct.

**2**       Section 3553(a)(2)(B) requires this Court to take into account the need to provide

**3** adequate deterrence to criminal conduct. Because this is the defendant's first offense or even law

**4** enforcement contact in his lifetime (other than two relatively minor vehicle code violations), the

**5** government believes that a probationary sentence provides sufficient deterrence. The

**6** government notes, however, that if the defendant were not to abide completely by the terms of

**7** his probation, the government would likely seek a <u>much</u> more serious sentence upon revocation,

**8** including imprisonment.

**9**              4.      The Need to Protect the Public from Further Crimes of the Defendant.

**10**       Under section 3553(a)(2)(C), this Court should fashion a sentence that takes into account

**11** the need to protect the public from further crimes. Again, the government believes that a

**12** probationary sentence provides adequate protection due to the unique mitigating circumstances

**13** of this case.

**14**             5.      The Need To Provide the Defendant with Educational or Vocational
                          Training, Medical Care, or Other Correctional Treatment.
**15**

**16**       The government agrees with the PO's recommendation of drug testing. The government

**17** would also support a recommendation of further treatment for any remaining issues relating to

**18** the defendant's drug addiction, if any.

**19**             6.      The Need to Avoid Unwarranted Sentencing Disparities Among
                          Defendants with Similar Records Who Have Been Found Guilty of Similar
**20**                    Conduct.

**21**       As explained above, the government believes that the mitigating factors in this case make

**22** a probationary sentence appropriate in light of the need to avoid unwarranted sentencing

**23** disparities. Without those mitigating circumstances, a higher sentence would certainly be

**24** warranted.

**25**       D.      Restitution

**26**       The government has received impact statements from victims throughout the presentence

**27** investigation process. It anticipates receiving additional impact statements after Mr. Rogers'

**28** sentencing. Accordingly, pursuant to 18 U.S.C. § 3664(d)(5), the victims' losses were not

CR 07-0413 JCS
SENTENCING MEMO                        -4-

1  ascertainable by a date 10 days prior to sentencing.  The government will therefore request that
2  the Court set a hearing for a final determination of the victims' losses approximately 75 days
3  from the date of this sentencing.

## CONCLUSION

Consideration of all of the sentencing factors under § 3553(a) – particularly his prior clean record and solid employment history, his relatively young age, the motocross accident and resulting addiction to pain medications, and the fact that he voluntarily sought drug treatment to address that addiction – support the joint recommendation by the Probation Officer and the parties of a sentence of two years' Probation in this case.  It is a significant sentence for a first offender.  It is hoped that the defendant's drug addiction is behind him, and that he will keep his life on the straight path from this point forward.

DATED: July 25, 2008                           Respectfully submitted,

                                               JOSEPH P. RUSSONIELLO
                                               United States Attorney


                                               _____/s/_____
                                               ERIKA R. FRICK
                                               Assistant United States Attorney